**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| v. | § § | Cr. No. C-01-325 |
| | § | C.A. No. C-05-cv-336 |
| NORMA ANGELICA MORENO, | § § | |
| Defendant-Movant. | § | |

**ORDER DENYING PETITION FOR WRIT OF AUDITA QUERELA,
CONSTRUING MOTION AS § 2255 MOTION AND
DISMISSING FOR LACK OF JURISDICTION,
DENYING MOTION FOR APPOINTMENT OF COUNSEL,
AND DENYING CERTIFICATE OF APPEALABILITY**

On June 27, 2005, the Clerk received from Norma Angelica Moreno ("Moreno") a document seeking a writ of audita querela and asking this Court to take judicial notice that her motion should not be recharacterized. (D.E. 26).[1] She also filed a motion for appointment of counsel. (D.E. 27).

For the reasons set forth below, the Court DENIES her petition for a writ of error audita querela. It construes her motion instead as a motion pursuant to 28 U.S.C. § 2255, which is DISMISSED FOR LACK OF JURISDICTION. The Court also denies her a Certificate of Appealability and DENIES her motion for appointment of counsel.

**I. FACTS AND PROCEEDINGS**

On October 18, 2001, Moreno was charged in a one-count indictment with knowingly and intentionally possessing with intent to distribute more than five hundred grams of cocaine, approximately 4.20 kilograms, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1).

---

[1]      Dockets entries refer to the criminal case, C-01-cr-325.

1

Pursuant to a written plea agreement (D.E. 8), Moreno pleaded guilty to the charge on December 3, 2001. (D.E. 7; D.E. 20, Rearraignment Transcript).

Moreno was sentenced on March 6, 2002, and the judgment of conviction was entered on March 14, 2002. (D.E. 15, 16). Moreno did not appeal her conviction or sentence. Instead, she filed a motion for relief pursuant to § 2255 on April 20, 2004. (D.E. 17).[2] In an order entered July 30, 2004, the Court denied that motion because it was not filed within the applicable statute of limitations. (D.E. 24). Final judgment was entered the same date. (D.E. 25). Moreno did not appeal. On June 27, 2005, the Clerk received from Moreno the motions addressed herein.

## II. DISCUSSION

### A. Petition for Writ of Audita Querela

As noted, Moreno's motion seeks relief through a writ of *audita querela* and 28 U.S.C. § 1651, the All Writs Act. The substance of her claim is that her sentence was imposed in violation of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), because it was allegedly enhanced based on factual findings by the Court. She requests that: (1) her Presentence Investigation Report be "corrected"; (2) judgment be re-entered with an "adjusted" term of imprisonment, calculated without any enhancements based on facts neither admitted by her nor found by a jury beyond a reasonable doubt; and (3) she be given the option to be resentenced under the now-advisory guidelines. (D.E. 26 at p.9).

---

[2] Moreno's motion was received by the Clerk's office on April 28, 2004. The file contains a certification from Moreno, however, that she delivered the motion to the prison authorities for filing on April 20, 2004. Under Houston v. Lack, 487 U.S. 266, 276 (1988), it was deemed filed as of the earlier date. See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

She devotes a large portion of her filing to arguing that any remedy under § 2255 would be inadequate or ineffective and thus that she should be permitted to proceed in seeking a writ of audita querela. (D.E. 26 at 2-6). Indeed, she expressly asks the Court *not* to recharacterize her motion as a § 2255 motion, and argues that the Supreme Court's decision in Castro prohibits such recharacterization. (D.E. 26, document titled "Judicia [sic] Notice to Support Writ of Error Audita Querela" at pp. 1-2).

Moreno's arguments are unpersuasive. As an initial matter, it is questionable whether the writ of *audita querela* even remains as an avenue for relief in any case. But it is clear that the writ is unavailable where, as here, the relief could be sought through § 2255. As the Fifth Circuit has explained:

> Failing a successful challenge to his guilty plea under § 2255, Banda also asks for a writ of *audita querela* under the All Writs Act. This is a slender reed upon which to lean. The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment. It is an open question whether the obsolescent writ survives as a post-conviction remedy. In any case, the defense against the judgment must be based in law, not in equity. United States v. Reyes, 945 F.2d 862 (5th Cir. 1991). There is no defect in the judgment below based in law. Moreover, the writ is not available where, as here, the defendant may seek redress under § 2255.

United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). Cf. Fed. R. Civ. P. 60(b) ("Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished."). Because Moreno could seek redress under § 2255, then, the writ of *audita querela* is unavailable to her. See Banda, 1 F.3d at 356.

Although Moreno would likely be unsuccessful in obtaining relief under § 2255, that is of no import. Notably, "[t]he fact that the movant cannot meet the requirements for bringing a successive

28 U.S.C. § 2255 motion does not render the 28 U.S.C. § 2255 remedy unavailable" so as to make the writ of *audita querela* available. United States v. Mason, 131 Fed. Appx. 440 (5th Cir. 2005)(citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)); Clark v. United States, 112 Fed. Appx. 368 (5th Cir. 2005)("Neither an unsuccessful § 2255 motion nor an inability to meet the requirements for a successive § 2255 motion will render the § 2255 remedy unavailable.").

Based on the foregoing, the writ of *audita querela* is not available to Moreno. Her petition for a writ of audita querela is therefore DENIED.

Rather, the only vehicle through which she can seek relief is § 2255. Moreno correctly notes that the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003) places limitations on a district court's recharacterization of a *pro se* litigant's post-conviction motion as a first § 2255 motion. Castro is not implicated here, however, because this is not Moreno's first § 2255 motion. See also United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005)("A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so Castro's warn-and-allow-withdrawal approach does not apply.").

As noted, Moreno has already filed one § 2255 motion, which was denied by this Court. Construing her most recent filing as a § 2255 motion, this Court is without jurisdiction to consider it. Specifically, the statute provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. In accordance with the above, Moreno was required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Her motion does not indicate that she has sought or obtained such permission. Until she does so, this Court does not have jurisdiction over her § 2255 motion.

Accordingly, Moreno's petition for a writ of audita querela is DENIED. Instead, the motion is construed as a motion for relief under 28 U.S.C. § 2255, and that motion is DISMISSED FOR LACK OF JURISDICTION.

**B.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Moreno has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added). It is unnecessary for the Court to address whether Moreno's petition states a valid claim of the denial of a constitutional right, because she cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of Moreno's § 2255 motion on procedural grounds. Under the plain record of this case, her motion is second or successive, and she has not sought authorization from the Fifth Circuit to file it. Accordingly, Moreno is not entitled to a COA.

## C.    Motion for Appointment of Counsel

Moreno also requests appointed counsel to represent her in these proceedings. (D.E. 27). Because the Court has determined that she is not entitled to any substantive relief, no counsel is necessary. Her motion for appointment of counsel is therefore DENIED.

## III. CONCLUSION

For the above-stated reasons, Moreno's petition for writ of error audita querela (D.E. 26) is DENIED. Instead, her motion is construed as a § 2255 motion and is DISMISSED FOR LACK OF JURISDICTION. She is also DENIED a Certificate of Appealability, and her motion for appointment of counsel (D.E. 27) is DENIED.

Finally, because Moreno's motion is being construed as a motion pursuant to 28 U.S.C. § 2255, the Clerk is hereby directed, for statistical and administrative purposes, to: 1) open a new civil action

as related to Moreno's § 2255 motion; 2) docket both her motion (D.E. 26) and this Order in the civil case; and 3) to close the civil case on the basis of this order.

ORDERED this 12th day of July, 2005.

_____
Janis Graham Jack
United States District Judge